IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE R. INIGUEZ,<br><br>          **Plaintiff**,<br><br>     v.<br><br>BOYD CORPORATION,<br><br>          **Defendant**. | No. **1: 08 - CV - 1758 - AWI -DLB**<br><br>ORDER GRANTING DEFENDANT BOYD CORPORATION'S MOTION TO DISMISS<br><br>Document # 13 and 15 |

## BACKGROUND

This case arises from a series of alleged events of harassment and discrimination taking place between May 5, 2007, and June 4, 2007. George Iniguez ("Plaintiff") alleges that he was verbally harassed and later terminated after bringing the harassment to the attention of his supervisors. Plaintiff filed this action on November, 17, 2008, following receipt of a right-to-sue notice from the California Department of Fair Employment & Housing ("DFEH") dated January 7, 2008. Plaintiff files suit under Title VII of the Civil Rights Act of 1964. Boyd Corporation ("Defendant") filed the instant motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on May, 21, 2009.

**LEGAL STANDARD**

A. <u>Federal Rule of Civil Procedure 12(b)(1)</u>

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a motion to dismiss for lack of subject matter jurisdiction. It is a fundamental precept that federal courts are courts of limited jurisdiction. Limits upon federal jurisdiction must not be disregarded or evaded. <u>Owen Equipment & Erection Co. v. Kroger</u>, 437 U.S. 365, 374 (1978). The plaintiff has the burden to establish that subject matter jurisdiction is proper. <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377 (1994). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over the action. <u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." <u>Safe Air for Everyone v. Meyer</u>, 373 F.3d 1035, 1039 (9th Cir. 2004).

"In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." <u>Safe Air</u>, 373 F.3d at 1039. When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. <u>Whisnant v. United States</u>, 400 F.3d 1177, 1179 (9th Cir. 2005); <u>Wolfe v. Strankman</u>, 392 F.3d 358, 362 (9th Cir. 2004); <u>Thornhill Publishing Co. v. General Telephone Electronics</u>, 594 F.2d 730, 733 (9th Cir. 1979).

A defendant may also attack the existence of subject matter jurisdiction based on facts outside the pleadings. <u>White v. Lee</u>, 227 F.3d 1214, 1242 (9th Cir. 2000). "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." <u>Safe Air</u>, 373 F.3d at 1039. Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction. <u>Safe Air</u>, 373 F.3d at

1039; Savage v. Glendale Union High School, Dist. No. 205, Maricopa County, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003). In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. Safe Air, 373 F.3d at 1039. "No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Thornhill Publishing, 594 F.2d at 733. However, in the absence of a full-fledged evidentiary hearing, disputed facts should be resolved in favor of the non-moving party. Rhoades v. Avon Products, Inc., 504 F.3d 1151, 1156 (9th Cir. 2007); Dreier v. United States, 106 F.3d 844, 847 (9th Cir. 1996); Greene v. United States, 207 F.Supp.2d 1113, 1119 (E.D.Cal. 2002).

B. Federal Rule of Civil Procedure 12(b)(6)

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court examines whether a complaint "contain[s] sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court must construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003). In Ashcroft the Supreme Court affirmed the broad application of the "plausible" standard, announced in Twombly, for examining the sufficiency of pleadings under Federal Rule of Civil Procedure 8. Ashcroft 129 S.Ct. at 1953 (stating that the Court's decision in Twombly was based on "[the Court's] interpretation and application of Rule 8" and continuing that "[The Court's] decision in Twombly expounded the pleading standing standard for 'all civil actions'"). In applying the Twombly standard in Ashcroft the Court outlined a two step process for analyzing a complaint. Id. at 1950-51. First, a reviewing court identifies all legal conclusions "that are not entitled to the assumption of truth." Ashcroft 129 S.Ct. at 1949-51 (quoting

Twombly, 550 U.S. at 555,  parenthetically for the proposition that the Court "[is] not bound to accept as true a legal conclusion couched as a factual allegation"). Second, a court, "draw[ing] on its judicial experience and common sense", must determine in the specific context of the case whether the facts, if taken as true, establish a plausible claim for relief. Id. at 1950.  A Rule 12(b)(6) dismissal can be based on either the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984).

C. Leave to Amend

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires. '[T]his mandate is to be heeded." Foman v. Davis, 371 U.S. 178, 182 (1962); Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1472 (9th Cir. 1987). "In exercising its discretion . . . a court must be guided by the underlying purpose of Rule 15 - to facilitate decision on the merits rather than on the pleadings or technicalities." Eldridge v. Block, 832 F.2d 1132, 1135 (9th Cir.1987) (citations omitted). "Thus, Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir.1990). While the Court should freely give leave to amend if justice requires, the Court may deny leave to amend if the amendment would be futile or subject to dismissal. Gadda v. State Bar of Cal., 511 F.3d 933, 939 (9th Cir. 2007); Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).

**FACTS**

Plaintiff alleges in his attached DFEH administrative charge form that while employed as a production worker by Defendant, Plaintiff was verbally harassed by a co-worker from May 5, 2007, until June 4, 2007.  Plaintiff alleges that he was terminated on June 4, 2007, because of complaints made to Defendant's human resources department and Plaintiff's supervisor concerning the alleged verbal harassment.  Plaintiff alleges that he had made Defendant aware of

4

the harassment on May 23, 2007, and no corrective action was subsequently taken. Plaintiff's DFEH charge is signed and dated September 1, 2007, and is filestamped as received by the DFEH on September 4, 2007. Throughout the charge, all references to the Equal Employment Opportunity Commission ("EEOC") have been struck out, including the EEOC file number and check-box which states "~~I also want this charge filed with the Federal Equal Employment Opportunity Commission (EEOC).~~" Complaint at 8 (stike-out in original). Plaintiff's right-to-sue notice from the DFEH, dated January 7, 2008, is attached and incorporated by reference in the complaint. Plaintiff alleges that he has timely filed suit within 90 days of receipt of the right-to-sue notice. In the complaint, Plaintiff further alleges that Defendant engaged in discriminatory employment practices that discriminated against homosexuals based on their sexual orientation and "discharg[ed] homosexuals because of racial factors or considerations." Complaint at 4. Defendant filed this motion to dismiss on May 21, 2009. Plaintiff did not oppose the motion, nor give notice of his non-opposition to Defendant's motion to dismiss.

## DISCUSSION

I. Jurisdiction

Plaintiff files suit under Title VII of the Civil Rights Act of 1964, claiming jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

A. Exhaustion of Administrative Remedies

Defendant moves this court to dismiss Plaintiff's case pursuant to Federal Rule of Civil Procedure 12(b)(1) for failure to file an administrative charge with the EEOC as required under 42 U.S.C. §§ 2000e-5(b) and (e). Some panels of the Ninth Circuit have held that the exhaustion of administrative remedies is a jurisdictional requirement. B.K.B. v. Maui Police Department, 276 F.3d 1091, 1099 (9th Cir. 2002) ("In order to establish subject matter jurisdiction over her Title VII claim, Plaintiff was required to exhaust her administrative remedies"); Paige v. State of California, 102 F.3d 1035, 1041 (9th Cir. 1996) ("To establish federal subject matter jurisdiction, a plaintiff must exhaust his administrative remedies before filing a federal complaint").

However, from the weight of Supreme Court and circuit authority, it is clear that "filing a timely charge of discrimination with the EEOC is not a jurisdictional pre-requisite to file suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152 n.6 (1984)  ("In Zipes, we held that the requirement of a timely filing of a charge of discrimination with the EEOC under 42 U.S.C. § 2000e-5(e) is not a jurisdictional prerequisite to a suit in district court and that it is subject to waiver and equitable tolling. . . .[W]e did not in Zipes declare that the requirement need not ever be satisfied; we merely stated that it was subject to waiver and tolling"); Surrell v. California Water Service Co., 518 F.3d 1097, 1104 (9th Cir. 2008) ("Failure to obtain a federal right-to-sue letter does not preclude federal jurisdiction") (citing Zipes); Sommatino v. United States, 255 F.3d 704, 708-09 (9th Cir. 2001) ("In order to bring a Title VII claim in district court, a plaintiff must first exhaust her administrative remedies. . . . A number of our circuit cases have also **held that the administrative exhaustion requirements under Title VII are not jurisdictional but are condition precedent to filing an action** which a defendant may waive or be estopped from asserting") (citations omitted and emphasis added).  Review under rule 12(b)(1) would therefore be inappropriate.  In the interests of judicial efficiency and as Defendant has also challenged the sufficiency of Plaintiff's complaint on other grounds pursuant to Federal Rule of Civil Procedure 12(b)(6) the court reviews Defendants exhaustion under rule 12(b)(6) as well.

     Plaintiff does not allege that he ever filed a complaint with the EEOC, however this is not as fatal to Plaintiff's claim as Defendant contends.  Plaintiff only alleges he filed a charge with the DFEH, and has attached both his DFEH charge and right-to-sue notice to the complaint. Defendant argues that Plaintiff, in fact, "declared under penalty of perjury that he did not want his DFEH charge to be simultaneously filed with the EEOC."  Motion to Dismiss at 4. Defendant draws this conclusion from the face of the complaint.  Plaintiff, in his administrative charge to the DFEH, struck out all references to the EEOC, including the blanks for the EEOC

case number and the check-box option which states "I also want this charge filed with the Federal Equal Employment Opportunity Commissions (EEOC)." Complaint at 8 (strike-out in original).

It is well settled that when a state fair employment agency ("FEP") has a worksharing agreement with the EEOC, the charges filed with state FEP, such as the DFEH, are deemed to be constructively filed with the EEOC. Green v. Los Angeles County Superintendent of Schools, 883 F.2d 1472, 1476 (9th Cir. 1989); Equal Employment Opportunity Commission v. Dinuba Medical Clinic, 222 F.3d 580, 585 (9th Cir.2000); see Surrell 518 F.3d at 1104; Laquaglia v. Rio Hotel & Casino, Inc., 186 F.3d 1172, 1175-76 (9th Cir. 1999). The DFEH has a worksharing agreement with the EEOC. See Downs v. Department of Water and Power, 58 Cal. App. 4th 1093, 1097 (Cal.Ct.App.1998) ("The EEOC and the DFEH each designated the other as its agent for receiving charges and agreed to forward to the other agency copies of all charges potentially covered by the other agency's statute"); Green at 1476; see Dinuba Medical Clinic at 585. In general, for an administrative charge to be timely it must be filed with the EEOC within 180 days of the alleged discrimination. However, when an administrative charge is initially filed with a state agency that has jurisdiction to grant remedies in response to the alleged discrimination, the deadline for filing with the EEOC is extended from 180 days to 300 days. Dinuba Medical Clinic at 585; 42 U.S.C. § 2000e-5(e)(1). "When a charge is initially filed with a state agency. . . it cannot be considered 'filed' with the EEOC 'before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated....'" Dinuba Medical Clinic at 585; 42 U.S.C. § 2000e-5(c). "In other words, the state agency must be given a 60-day window in which it has the initial and exclusive right to process the charge, 'free from premature federal intervention.'" Dinuba Medical Clinic at 585 (citing EEOC v. Commercial Office Prods. Co., 486 U.S. 107, 110, 108 S.Ct. 1666 (1988)).

The Ninth Circuit has held for the purpose of exhausting administrative remedies it does not matter whether a charge filed with a FEP was actually "forwarded to the EEOC-only whether it was intended to be forwarded under the worksharing agreement." Laquaglia 186 F.3d at 1176.

1  The court in Laquaglia continued that "it is irrelevant whether the state agency actually followed
2  the referral provisions in the [worksharing] agreement or erroneously began investigating a
3  complaint that should have been forwarded to the EEOC. Id. Some courts, relying on Laquaglia,
4  have concluded that even when the DFEH has specifically informed plaintiffs that they must
5  independently file a charge with the EEOC in their DFEH right-to-sue notices, the fact that the
6  DFEH did not forward the plaintiff's charge to the EEOC is irrelevant and is still deemed a
7  constructive filing with the EEOC by virtue of the DFEH-EEOC work-sharing agreement. Hause
8  v. The Salvation Army, 2007 WL 4219450 at *6 (C.D. Cal. 2007); Davenport v. Board of
9  Trustees of State Center Community College District, 2009 WL 891057 at *11 (E.D. Cal. 2009)
10 ("[F]or purposes of determining whether a charge filed with an FEP agency has been
11 constructively filed with the EEOC, the Ninth Circuit has determined that whether the state
12 agency actually forwarded the charge to the EEOC or whether the EEOC actually received it is
13 irrelevant.") The court in Hause, which reviewed the DFEH-EEOC worksharing agreement,
14 noted the DFEH and EEOC had "'designate[d] the other as its agent for the purpose of receiving
15 and drafting charges.'" Hause at *6. Moreover, the Hause court quoted the agreement stating
16 that "[a]dditionally, section II.B. [of the DFEH-EEOC agreement] provides that '[t]he [DFEH]
17 shall take all charges alleging a violation of Title VII, ADEA, EPA, or the ADA where both the
18 [DFEH] and EEOC have mutual jurisdiction. . . so long as the allegations meet the minimum
19 requirements of those Acts." Id. (additions in original). As the worksharing agreement between
20 the DFEH and the EEOC is not before the court, the court is unable to make an independent
21 determination of whether a Title VII charge would have been "intended to be forwarded"
22 pursuant to the worksharing agreement regardless of Plaintiff's apparent indication that Plaintiff
23 did not wish to file any charge with the EEOC. The court finds the determination of the courts in
24 Hause and Davenport persuasive and holds the Plaintiff did constructively file a charge with the
25 EEOC. As the last incident of alleged discrimination occurred on June 4, 2007, and the
26 timestamp on Plaintiff's administrative charge indicates the DFEH received the charge on
27
28                                                   8

September 4, 2007, even with the exclusive 60-day period for state investigation, Plaintiff has timely filed an administrative charge with the EEOC.

B.  Timeliness of Complaint

Defendant challenges the timeliness Plaintiff's filing of his complaint with this court under Federal Rule of Civil Procedure 12(b)(1).  Upon receiving a right-to-sue notice from the EEOC a plaintiff has 90 days to file suit.  Surrell 518 F.3d at 1104; 42 U.S.C. § 2000e-5(f)(1).  Review of the timeliness of Plaintiff's complaint under Rule 12(b)(1) would, however, be improper because "[t]he administrative exhaustion requirements under Title VII are not jurisdictional but are conditions precedent to filing an action which a defendant may waive or be estopped from asserting."  Sommatino 255 F.3d at 708; Valenzuela v. Kraft, Inc.,801 f.2d 1170, 1173-74 (9th Cir. 1986) (quoting and recognizing the Supreme Court's decision in Baldwin County Welcome Center, 466 U.S. at 151-52, "effectively overruled our previous decisions holding that the 90-day period is a jurisdictional requirement").  The court reviews the timeliness of Plaintiff's complaint under the standards of Federal Rule of Civil Procedure 12(b)(6).

The facts relevant in the court's inquiry into the timeliness of Plaintiff's complaint are as follows.  Plaintiff only constructively filed with the EEOC and never received a right-to-sue notice from the EEOC.  Plaintiff does not allege when he received the right-to-sue letter from the DFEH.  Plaintiff states only that he has complied with the right-to-sue notice and instituted this action within 90 days of receipt of the right-to-sue notice. The DFEH right-to-sue notice is dated January 7, 2008.  On the complaint's face, it is signed and dated March 29, 2008.   However, the signed file stamp of the court clerk indicates it was received and filed by this court on November 17, 2008.

"Where, as here, a plaintiff is entitled to receive a right-to-sue letter from the EEOC, a plaintiff may proceed absent such a letter, provided she has received a right-to-sue letter from the appropriate state agency."  Surrell 518 F.3d at 1105.  The Ninth Circuit panel in Surrell faced a similar situation as the court resolves today.  The plaintiff in Surrell filed an administrative

charge with the state agency and was found to have constructively filed with the EEOC. Id. at 1104. The court observed that other "courts have also concluded that once a plaintiff is *entitled* to receive a right-to-sue letter (as [plaintiff] was once the EEOC did not timely act on her properly filed charge), it makes no difference whether the plaintiff actually obtained [an EEOC right-to-sue letter]." Id. at 1105 (finding persuasive the reasoning of the Fourth Circuit in Moore v. City of Charlotte, 754 F.2d 1100, 1104 n. 1 (4th Cir. 1985)). Following the logic of the Ninth Circuit in Surrell, Plaintiff's DFEH right-to-sue notice acts as a constructive EEOC right-to-sue notice. The court next inquires into the appropriate date on which Plaintiff's 90-day window to file suit began.

Plaintiff's DFEH right-to-sue notice is dated January 7, 2008. Plaintiff states only the legal conclusion that he has complied with the 90-day limitation period pursuant to his receipt of his DFEH right-to-sue notice. Legal conclusions are not entitled to an assumption of truth. Ashcroft 129 S.Ct. at 1949-50; Twombly 550 U.S. at 555. The complaint is silent on the actual date of receipt of the right-to-sue notice. "Where the date of actual receipt is unknown, we will estimate that date based on the date of EEOC disposition and issuance of notice, with some compensation for mailing time." Payan v. Aramark Management Services, 495 F.3d 1119, 1122 (9th Cir. 2007). In Payan, the Ninth Circuit adopted a rebuttable three day presumption for mailing time. Id. at1126-27. Plaintiff is therefore presumed to have received the DFEH notice on January 10, 2008. Plaintiff would have had to have filed his suit by April 9, 2008, to comply with the limitations period. Although the date of March 29, 2008, appears above Plaintiff's signature on the complaint, the court's file stamp clearly indicates this court received the complaint on November 17, 2008–well outside the limitations period. As Plaintiff has not opposed this motion, nor filed a notice of non-opposition, there is nothing before the court to rebut the applicability of the three day presumption. The court therefore concludes that Plaintiff's entire complaint is time-barred and grants Defendant's motion to dismiss. However, as leave to amend is to be granted with extraordinary liberality and Plaintiff could potentially

10

cure the defects in his pleading, the court turns to the substance of Plaintiff's claim.

C. <u>Racial Discrimination</u>

Defendant facially attacks the complaint, asserting that Plaintiff has failed to plead allegations sufficient to establish this court's subject matter jurisdiction over Plaintiff's claims of racial discrimination. "'[T]he jurisdictional scope of a Title VII claimant's court action depends upon the scope of both the EEOC charge and the EEOC investigation.'" <u>Sommatino</u> 255 F.3d at 709 (quoting <u>Paige</u> 102 F.3d at 1041 and <u>EEOC v. Farmer Bros. Co.</u>, 31 F3d 891, 899 (9th Cir. 1994)). "The district court has jurisdiction over any charges of discrimination that are 'like or reasonably related' to the allegations in the EEOC charge, or that fall within the 'EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" <u>Sommatino</u> at 709 (quoting <u>Deppe v. United Airlines</u>, 217 F.3d 1262, 1267 and n. 21 (9th Cir. 2000) (further precedent reviewed in footnote)). The administrative charge must be construed "with the utmost liberality". <u>Sommatino</u> at n. 2; <u>Deppe</u> at 1267; <u>Farmer Bros. Co.</u> at 899.

Even construing Plaintiff's administrative charge with "utmost liberality", Plaintiff does not allege any grounds for racial discrimination in his complaint that are "like or reasonably related" to his allegations in his administrative charge. The court faces a similar situation as was resolved by the Ninth Circuit in <u>Shah v. Mt. Zion</u>, 642 F.2d 268, 271-72 (9th Cir. 1981). In <u>Shah</u> the plaintiff "attempted to expand his Title VII action to include race, color and religious discrimination", however the plaintiff in <u>Shah</u> had alleged only sex and national origin discrimination in his EEOC charge. <u>Id.</u> The court in <u>Shah</u> held the district court properly dismissed the race, color and religion claims as "the district court lacked subject matter jurisdiction over [the] additional claims because [plaintiff] failed to raise them before the EEOC". <u>Id.</u> Here, in the complaint under the heading "preliminary statement," Plaintiff alleges Defendant discriminated against Plaintiff "on the basis of race." Complaint at 2. The only other reference to racial discrimination in the complaint appears at paragraph 10, in which Plaintiff alleges Defendant discharged homosexuals because of racial factors or considerations.

11

Complaint at 4. All other allegations are cast explicitly in the terms of sexual orientation. In Plaintiff's administrative charge, Plaintiff only alleged discrimination for sexual orientation. Plaintiff states in his DFEH charge that "I believe that I was verbally harassed because of my sexual orientation (homosexual). I also believe that I was terminated in retaliation for complaining about the discrimination." Complaint at 7. Race discrimination is not mentioned anywhere in the administrative charge. Additionally, Plaintiff himself characterized his charge as grounded only in sexual orientation discrimination. Amongst twelve options, Plaintiff selected only sexual orientation and did not select the options for race, color, national origin/ancestry, or sex. Complaint at 7. The scope of this courts jurisdiction over Plaintiff's Title VII claim is determined by the allegations in the administrative charge. Plaintiff has alleged only discrimination based on sexual orientation and has not indicated in any way that racial discrimination also contributed to Plaintiff's discharge. Plaintiff has not met his burden to plead allegations sufficient to establish this court's subject matter jurisdiction. Therefore, this court grants Defendant's motion to dismiss all claims of racial discrimination.

II. Sufficiency of Plaintiff's Claim

As the court understands Plaintiff's claim, Plaintiff is alleging discrimination on theories of disparate treatment and wrongful termination of homosexuals based on their sexual orientation. To establish a prima facie case of discrimination under Title VII, Plaintiff must show that: "(1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." Peterson v. Hewlett-Packard Co., 358 F.3d 599, 603 (9th Cir.2004); see also Raad v. Fairbanks North Star Borough School Dist., 323 F.3d 1185, 1195-96 (9th Cir.2003) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Defendant essentially contests Plaintiff's membership in a protected class. Defendant contends Title VII does not prohibit discrimination

on the basis of sexual orientation. For the following reasons, this court agrees and further concludes that this is an incurable defect in Plaintiff's claim.

In Oncale v. Sundowner Offshore Services, 523 U.S. 75, 79, 118 S.Ct. 998, 1001-02 (1998), the Supreme Court expressly held that "nothing in Title VII necessarily bars a claim of discrimination 'because of . . . sex' merely because the plaintiff and the defendant . . . are of the same sex." The court noted that one of the evidentiary paths a plaintiff could take in establishing sexual harassment was providing credible evidence that the harasser was homosexual. Id. at 80. Facing similar factual circumstances, a plurality of the Ninth Circuit, meeting en banc, held that in the face of physical conduct of a sexual nature, the sexual orientation of the plaintiff is irrelevant for the purposes of Title VII. Rene v. MGM Grand Hotel, Inc., 305 F.3d 1061, 1063-64 (9th Cir. 2002) (en banc). Moreover the court held "that the harasser is, or may be, motivated by hostility based on sexual orientation is similarly irrelevant, and neither provides nor precludes a cause of action." Id. Here, however Plaintiff does not allege physical harassment. Plaintiff's DFEH charge makes out only a charge for retaliatory discharge based on Plaintiff's sexual orientation and the complaint alleges only reasonably related claims for disparate treatment and wrongful termination based on sexual orientation. As Judge Hug, joined by three other judges, highlights in his dissent in Rene, since Oncale other circuits facing these issues have held that Title VII does not prohibit discrimination based on sexual orientation. Rene 305 F.3d at 1075-76 (HUG, J., dissenting); Bibby v. Phila. Coca-Cola Bottling Co., 260 F.3d 257 (3rd Cir. 2001), *cert. denied*, 534 U.S. 1155, 122 S.Ct. 1126 (2002) ("It is clear, however, that Title VII does not prohibit discrimination based on sexual orientation"); Simonton v. Runyon, 232 F.3d 33, 35 (2nd Cir. 2000) ("The law is well-settled in this circuit and in all others to have reached the question that [plaintiff] has no cause of action under Title VII because Title VII does not prohibit harassment or discrimination because of sexual orientation"); Higgins v. New Balance Athletic Shoe, Inc., 194 F.3d 252, 259 (1st Cir. 1999) ("We are called upon here to construe a statute as glossed by the Supreme Court, not to make a moral judgment-and we regard it as settled law that,

as drafted and authoritatively construed, Title VII does not proscribe harassment simply because of sexual orientation"). It is clear that the central issue is whether the alleged discrimination is cast as "because of . . . sex," rather than because of sexual orientation. Here, Plaintiff explicitly phrases his allegations of discrimination in terms of sexual orientation. Plaintiff alleges under the heading "CLAIM FOR RELIEF" that Defendant engaged in discriminatory employment practices including:

> a. Maintaining job classifications segregated on the basis of sexual orientation.
> b. Refusing to hire homosexual on an equal basis with heteral [sic] sexual [sic].
> c. Discharging homosexuals because of racial factors or considerations.
> d. Maintaining polices and practices with respect to. . . wages, job assignments, and other terms and conditions of employment that unlawfully operate to deny equal opportunity to homosexuals because of there [sic] sexual orientation.
> e. Wrongfully terminating homosexuals from their job because of their sexual orientation.

Plaintiff therefore has not alleged a cognizable legal theory upon which relief can be granted. As Plaintiff is unable to cure the defects in his complaint and amendment would be futile, Plaintiff's claim is dismissed without leave to amend.

## CONCLUSION AND ORDER

The Court ORDERS that the Defendant's motion to dismiss is hereby GRANTED and Plaintiff's claim is dismissed without leave to amend. The Clerk of the Court is DIRECTED to CLOSE this case.

IT IS SO ORDERED.

**Dated:     July 13, 2009                         /s/ Anthony W. Ishii**
                                                  CHIEF UNITED STATES DISTRICT JUDGE